UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK____X

ANTHONY KALAMAS,

                       Plaintiff,                                  09-CV-5045
                                                                      (SJF)

       -against-

                                                     **OPINION & ORDER**

CONSUMER SOLUTIONS REO, LLC,

                       Defendant.
_____X

FEUERSTEIN, J.

      On or about March 20, 2009, Consumer Solutions REO, LLC ("Consumer Solutions")

commenced a holdover proceeding in the Sixth District Court of the State of New York, County

of Suffolk, Landlord Tenant Part ("the State landlord tenant court") against Anthony Kalamas

("Kalamas"), Cathy Kalamas, Susan Joan Esandrio, "Jane Doe" and "John Doe," being fictitious

names of additional occupants in possession of certain premises located at 18 John Street, Port

Jefferson, New York 11776 ("the subject premises").  On November 17, 2009, Kalamas, acting

*pro se*, filed a notice of removal pursuant to 28 U.S.C. § 1446(a), removing the holdover

proceeding to this Court on the basis, *inter alia*, that it violated "the Uniform Commercial Code

of 15 USC 1692 * * *."[1]  Consumer Solutions now moves pursuant to 28 U.S.C. § 1447(c) to

remand this action to the State landlord tenant court.  Kalamas cross-moves, *inter alia*, to vacate

the foreclosure and referee's sale of the subject premises.  For the reasons set forth below, the

motion of Consumer Solutions is granted and the motion of Kalamas is denied.

---

    [1] 15 U.S.C. § 1692 is actually the Fair Debt Collection Practices Act ("FDCPA"), to which
Kalamas also refers in a "Letter of Complaint" annexed to the notice of removal.

I.      BACKGROUND

On February 3, 2006, a mortgage encumbering the subject premises was recorded. Thereafter, Saxon Mortgage Services, Inc. ("Saxon"), the holder of the mortgage, commenced a mortgage foreclosure action ("the foreclosure proceeding") against Kalamas, Susan Joan Esandrio a/k/a Susan Maxwell and Cathy Kalamas in the Supreme Court of the State of New York, Suffolk County ("the State Supreme Court"). A judgment of foreclosure and sale of the subject premises was entered in that foreclosure proceeding on September 22, 2008.

On or about November 17, 2008, Kalamas filed a voluntary petition for bankruptcy pursuant to Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York ("the bankruptcy proceeding").

On or about January 28, 2009, a foreclosure sale of the subject premises was held, at which Saxon was the highest bidder. Saxon assigned its bid to Consumer Solutions and title to the subject premises was conveyed to Consumer Solutions by referee's deed dated February 5, 2009. (Declaration of Andrew Morganstern, Esq. [Morganstern Decl.], Ex. A).

In accordance with Section 713(5) of the New York State Real Property Actions and Proceedings Law ("RPAPL"), on or about February 28, 2009, Consumer Solutions served Kalamas, among others, with a "Ten Day Notice to Quit" the subject premises dated February 17, 2009 ("the Notice to Quit"). The Notice to Quit demanded that Kalamas and the other occupants of the subject premises surrender possession thereof to Consumer Solutions on or before March 13, 2009. (Morganstern Decl., Ex. E). Kalamas and the other occupants did not vacate the subject premises.

On March 20, 2009, Consumer Solutions commenced a holdover proceeding against

Kalamas, and others, in the State landlord tenant court seeking, *inter alia*, a final judgment of possession of the subject premises; the issuance of a warrant of eviction to remove Kalamas, and the other occupants, from possession of the subject premises; and judgment for the fair value of Kalamas's, and the other occupants', use and occupancy of the subject premises. (Morganstern Decl., Ex. F). Kalamas was served with the notice of holdover petition and petition on March 28, 2009. (Morganstern Decl., Ex. G).

Thereafter, Kalamas moved in the State Supreme Court to vacate the foreclosure sale of the subject premises on the grounds that it was held in violation of the automatic stay provisions of the United States Bankruptcy Code, 11 U.S.C. § 362. As a result, the State landlord tenant court marked the holdover proceeding off of its hearing calendar. By order dated May 15, 2009, the Honorable Patrick A. Sweeney, Justice of the State Supreme Court, denied Kalamas's motion, finding that Kalamas's pending Chapter 13 bankruptcy petition had been filed within one (1) year from the date of dismissal of another Chapter 13 bankruptcy petition previously filed by him.[2] (Morganstern Decl., Ex. B). Justice Sweeney held that there was no automatic bankruptcy stay in effect at the time of the foreclosure sale of the subject premises on January 28, 2009 because, pursuant to 11 U.S.C. § 362(c)(3)(A), the automatic bankruptcy stay terminated on December 17, 2008, the thirtieth (30th) day after Kalamas filed his second bankruptcy proceeding. (Id.)

By order dated August 12, 2009, Justice Sweeney denied Kalamas's subsequent motion

---

[2] The previously-filed bankruptcy petition was dismissed on December 26, 2007.

seeking, in effect, to reargue the May 15, 2009 order. (Morganstern Decl., Ex. C).[3]

On October 28, 2009, Consumer Solutions moved the State landlord tenant court to restore the holdover proceeding to the calendar. (Morganstern Decl., Ex. H).

On November 17, 2009, Kalamas filed a notice of removal pursuant to 28 U.S.C. § 1446(a) removing the holdover proceeding to this Court and seeking a stay of his eviction from the subject premises on the basis that the holdover proceeding violates "the Uniform Commercial Code of 15 USC 1692." In a "Letter of Complaint" annexed to the notice of removal, Kalamas contends that the holdover proceeding violates the Fair Debt Collections Practices Act ("FDCPA"), the Truth in Lending Act ("TILA") and his constitutional rights.

By order dated November 18, 2009, the State landlord tenant court granted, without opposition, the motion of Consumer Solutions to restore the holdover proceeding to that court's hearing calendar. (Morganstern Decl., Ex. H). However, a hearing was never held in that court as a result of Kalamas's removal of the action to this Court.

Consumer Solutions now moves to remand the holdover proceeding to the State landlord tenant court on the basis, *inter alia*: (1) that Kalamas's notice of removal was not timely filed pursuant to 28 U.S.C. § 1446(b); and (2) that this Court lacks subject matter jurisdiction over the holdover proceeding. In opposition, Kalamas contends that this Court has subject matter jurisdiction because both "the law of reference[,] 11 USC 362" and the FDCPA are federal statutes providing this Court with original jurisdiction.

---

[3] Kalamas appealed the August 12, 2009 order to the Supreme Court of the State of New York, Second Judicial Department, which was assigned docket number 2009-08558. Neither party has notified this Court of any decision on that appeal and a Westlaw search for any decision revealed no matching results.

4

Kalamas cross-moves to vacate the referee's sale of the subject premises as having been held in violation of the automatic stay provisions of the United States Bankruptcy Code, 11 U.S.C. § 362. Kalamas also seeks actual damages for Consumer Solutions's alleged willful violation of the automatic bankruptcy stay.

## II.   DISCUSSION

### A.   Timeliness of Notice of Removal

28 U.S.C. § 1446(b) provides, in relevant part, that "[t]he notice of removal of a civil action or proceeding *shall* be filed within thirty days after the receipt by the defendant * * * of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based * * *." (Emphasis added). Since it is undisputed that the notice of holdover petition and petition were served on Kalamas on March 28, 2009, he was required by Section 1446(b) to file any notice of removal of that proceeding on or before April 27, 2009. See generally Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999) (stating, by way of example, that where the summons and complaint are served together, the thirty-day period for removal "runs at once.") Kalamas did not file a notice of removal of the holdover proceeding until November 17, 2009, more than six (6) months after the thirty (30)-day period set forth in Section 1446(b) had expired. Accordingly, the branch of Consumer Solutions's motion seeking remand of this proceeding on the basis that the notice of removal was not timely filed is granted.[4]

---

[4] Consumer Solutions initially filed its motion to remand on December 15, 2009, within the thirty (30) day period set forth in 28 U.S.C. § 1447(c). By order entered December 18, 2009, I rejected that motion for filing because it did not comply with my individual rules. However, that

B.    Removal Jurisdiction

In any event, this proceeding must be remanded pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.  The removal statute, 28 U.S.C. § 1441(a), provides, in relevant part, that a civil action filed in state court may be removed by the defendant to federal district court if the district court has original subject matter jurisdiction over the plaintiff's claim.  See also Lupo v. Human Affairs International, Inc., 28 F.3d 269, 271 (2d Cir. 1994).  Federal district courts are "courts of limited jurisdiction," Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 125 S.Ct. 2611, 2616-2617, 162 L.Ed.2d 502 (2005), and only have original subject matter jurisdiction over cases in which there is a federal question, see 28 U.S.C. § 1331, and cases between citizens of different states, see 28 U.S.C. § 1332.  "A district court must remand a case to state court 'if at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'"  Vera v. Saks & Co., 335 F.3d 109, 113 (2d Cir. 2003) (quoting 28 U.S.C. § 1447(c)).

Removal jurisdiction must be "strictly construed," Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002), and any doubts resolved against removability "out of respect for the limited jurisdiction of the federal courts and the rights of states."  In re Methyl Tertiary Butyl Ether ("MTBE") Products, 488 F.3d 112, 124 (2d Cir.

---

order expressly provided that service of the motion on Kalamas at that time was sufficient evidence that the motion had been timely made in accordance with Section 1447(c).  Accordingly, I deem Consumer Solutions's motion to have been timely made on December 15, 2009, although it was not actually filed in accordance with my individual rules until March 5, 2010.  See Phoenix Global Ventures, LLC v. Phoenix Hotel Associates, Ltd., 422 F.3d 72, 75-6 (2d Cir. 2005) (holding that district courts have authority to excuse a party's failure to comply with their local rules and to deem a motion to remand to have been made "at the time when, but for [the] noncompliance, the motion would have been made.")

2007).  The burden of proving the Court's removal jurisdiction rests upon the party asserting

jurisdiction.  See California Public Employees' Retirement System v. WorldCom, Inc., 368 F.3d

86, 100 (2d Cir. 2004); United Food & Commercial Workers Union, Local 919, AFL-CIO v.

CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994).


       1.     Federal Question Jurisdiction[5]

     Kalamas bases removal of this action on this Court's federal question jurisdiction,

alleging that the holdover proceeding violates federal statutes and his constitutional rights.

     28 U.S.C. § 1331, which provides the basis for federal question jurisdiction, states that

"[t]he district courts shall have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States."  The "well-pleaded complaint" rule

determines whether an action arises under the Constitution, laws, or treaties of the United States.

See, Franchise Tax Bd. of State of California v. Construction Laborers Vacation Trust for

Southern California, 463 U.S. 1, 9-10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).  Pursuant to the

"well-pleaded complaint" rule,

> Whether a case is one arising under the Constitution or a law or treaty of the
> United States, in the sense of the jurisdictional statute, * * * must be determined

---

[5] The holdover proceeding is not removable pursuant to this Court's diversity of
citizenship jurisdiction under 28 U.S.C. § 1332(a) because Kalamas, the defendant in the holdover
proceeding, is a citizen of New York, the state in which the holdover proceeding was brought.  See
28 U.S.C. § 1441(b) (Any civil action of which the district courts have original jurisdiction
founded on diversity of citizenship "shall be removable only if none of the parties in interest
properly joined and served as defendant is a citizen of the State in which such action is brought.");
see also Lincoln Property Co. v. Roche, 546 U.S. 81, 84, 89-90, 126 S.Ct. 606, 163 L.Ed.2d 415
(2005) (holding that a defendant may remove an action on the basis of diversity of citizenship if
there is complete diversity between all named plaintiffs and defendants, "and no defendant is a
citizen of the forum State.")

from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance or defenses which it is thought the defendant may interpose."

Id. at 10, 103 S.Ct. 2841 (citing Taylor v. Anderson, 234 U.S. 74, 75-76, 34 S.Ct. 724, 58 L.Ed.2d 1218 [1914]); see also City of Rome, N.Y. v. Verizon Communications Inc., 362 F.3d 168, 175 (2d Cir. 2004) (holding that in assessing whether there is federal question jurisdiction, the court must look to see if the well-pleaded complaint asserts a federal claim on its face and that "[t]he mere existence or invocation of a federal defense does not furnish a sufficient basis for jurisdiction to attach.") Even in cases in which state law creates the plaintiff's causes of action, the case "might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." Franchise Tax Bd., 463 U.S. at 13, 103 S.Ct. 2841. In other words, federal courts have original federal question jurisdiction only where "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 690, 126 S.Ct. 2121, 165 L.Ed.2d 131 (2006) (5-4 decision) (quoting Franchise Tax Bd., 463 U.S. at 27-28, 103 S.Ct. 2841); Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308, 312, 125 S.Ct. 2363, 162 L.E.2d 257 (2005).

No federal statute or constitutional violation is alleged in the holdover petition, which is the state court proceeding identified by Kalamas in his notice of removal as the proceeding sought to be removed to this Court. Although Kalamas challenges the referee's sale of the

8

subject premises as violating the automatic bankruptcy stay provision of 11 U.S.C. § 362 in his notice of removal, that issue was actually raised and previously litigated in the State Supreme Court action, which is not the action removed to this Court. To the extent Kalamas raises that claim as a defense to the holdover proceeding, that allegation, as well as his allegations that the holdover proceeding violates two (2) other federal statutes and his constitutional rights, are insufficient to confer this Court with federal question jurisdiction over the holdover proceeding. See, e.g. City of Rome, 362 F.3d at 174 ("The mere existence or invocation of a federal defense does not furnish a sufficient basis for [federal question] jurisdiction to attach."); US Bank National Association v. Gutierrez Hernandez, No. SACV 10-01508-CJC(MLGx), 2010 WL 4054451, at * 1 (C.D. Cal. Oct. 14, 2010) (holding that the plaintiff's defense to a state court proceeding for unlawful detainer, i.e., that the proceeding violated the TILA and FDCPA, failed to establish federal question jurisdiction over the unlawful detainer proceeding).

Nor is any substantial question of federal law implicated in the holdover proceeding. Kalamas's allegation that the referee's sale of the subject premises violated the automatic bankruptcy stay provision of the United States Bankruptcy Code involves a straight application of the statute to the facts of this case, without the necessity for any interpretation or construction of the meaning, validity or effect of that law. Compare McVeigh, 547 U.S. at 700-1, 126 S.Ct. 2121 (affirming dismissal of action for lack of subject matter jurisdiction where the plaintiff's claim for reimbursement of insurance benefits paid to federal employees pursuant to the Federal Employees Health Benefits Act of 1959, 5 U.S.C. §§ 8901, et seq., was "fact-bound and situation-specific," as opposed to a "pure issue of law" that would govern numerous insurance reimbursement cases thereafter), with Grable, 545 U.S. at 314-5, 125 S.Ct. 2363 (affirming

9

removal of Grable's claim to quiet title to certain real property to federal court on the basis, *inter alia*, that Grable's claim of title to certain real property depended on the interpretation of a federal statutory provision, i.e., whether Section 6335(a) of the Internal Revenue Code, 26 U.S.C. § 6335(a), required personal service of a notice of seizure, and that "[t]he meaning of the federal tax provision is an important issue of federal law that sensibly belongs in a federal court.")  As in McVeigh, Kalamas's claim that the sale of the subject premises violated the automatic stay provisions of the United States Bankruptcy Code does not involve a "pure issue of law * * * that * * * would govern numerous [bankruptcy] cases" hereafter which is appropriately determined by a federal court.  547 U.S. at 700, 126 S.Ct. 2121.  Rather, Kalamas's claim is "fact-bound and situation-specific," Id. at 700-1, 126 S.Ct. 2121, i.e., whether, *inter alia*, the referee's sale of the subject premises was conducted during the pendency of an automatic bankruptcy stay.  Notably, Kalamas does not dispute in this proceeding that he filed two (2) bankruptcy petitions; that the second petition was filed within one (1) year of the first petition; or that more than thirty (30) days had elapsed from the time he filed the second petition until the referee's sale of the subject premises.  Under the circumstances present in this case, the state courts are competent to apply federal law, where relevant, to the underlying facts to determine whether the referee's sale of the subject premises was proper.  See id. at 701, 126 S.Ct. 2121.

As no federal statute or constitutional violation is alleged in the holdover petition, and there is no substantial question of federal law implicated in the proceeding, this Court does not have original subject matter jurisdiction over this matter.

2.      The Rooker-Feldman Doctrine

10

In any event, this Court is divested of any subject matter jurisdiction pursuant to the

Rooker-Feldman doctrine, which prohibits federal district courts from exercising subject matter

jurisdiction over suits that are, in substance, appeals from state-court judgments.  Rooker v.

Fidelity Trust Co., 263 U.S. 413, 414-415, 44 S.Ct. 149, 68 L.Ed.2d 362 (1923); District of

Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

The Rooker-Feldman doctrine bars challenges in federal court to the substance of state-court

decisions which are more properly raised on appeal, even where such challenges appear to raise

questions of federal law on their face.  See Hoblock v. Albany County Board of Elections, 422

F.3d 77, 87 (2d Cir. 2005); Mareno v. Dime Savings Bank of New York, 421 F.Supp.2d 722, 726

(S.D.N.Y. 2006).

The Supreme Court has limited the application of the Rooker-Feldman doctrine to "cases

brought by state-court losers complaining of injuries caused by state-court judgments rendered

before the district court proceedings commenced and inviting district court review and rejection

of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284,

125 S.Ct. 1517, 161 L.Ed.2d 454 (2005); see also Lance v. Dennis, 546 U.S. 459, 126 S.Ct.

1198, 1201, 163 L.Ed.2d 1059 (2006)(emphasizing the narrowness of the Rooker-Feldman rule).

Thus, there are four (4) requirements for the application of the Rooker-Feldman doctrine: (1) the

party raising the claim must have lost in state court; (2) that party's injuries must be caused by

the state court judgment; (3) that party's claims must invite the district court to review and reject

the state court judgment; and (4) the state court judgment must have been rendered prior to the

commencement of the federal court proceedings.  Morrison v. City of New York, 591 F.3d 109,

112 (2d Cir. 2010) (citing Hoblock, 422 F.3d at 85).  The first and fourth requirements are

11

"procedural," while the second and third requirements are "substantive." Id. (citing Hoblock, 422 F.3d at 85).

All four (4) factors for the application of the Rooker- Feldman doctrine are satisfied here: (1) Kalamas lost ownership and possession of the subject premises in the state courts; (2) he complains of injury caused by the foreclosure on his property and subsequent sale of the subject premises; (3) he challenges the validity of the sale of the subject premises and the subsequent proceedings to evict him from the premises, and specifically requests vacatur of the sale of the premises on the same ground rejected by the state court, i.e., that the sale of the subject premises violated the automatic bankruptcy stay provision of 11 U.S.C. § 362; and (4) the state court judgment was rendered prior to the commencement of this proceeding. Accordingly, the Rooker-Feldman doctrine divests this Court of subject matter jurisdiction over this proceeding. See, e.g. Ashby v. Polinsky, 328 Fed. Appx. 20, 21 (2d Cir. May 6, 2009) (affirming dismissal of action against state officials stemming from the foreclosure of the plaintiff's property by state court order as barred by the Rooker-Feldman doctrine); Castelle v. New York, 39 Fed. Appx. 665, 202 WL 1467779, at * 2 (2d Cir. July 3, 2002) (affirming dismissal of an adversary proceeding filed in federal court claiming that the New York State Supreme Court violated the automatic stay provisions of 11 U.S.C. § 362 by vacating certain mechanic's liens as barred by the Rooker-Feldman doctrine). Therefore, the branch of Consumer Solutions's motion seeking remand of this proceeding for lack of subject matter jurisdiction is granted.

III.   CONCLUSION

Consumer Solutions's motion to remand is granted and this action is remanded to the

12

Sixth District Court of the State of New York, County of Suffolk, Landlord Tenant Part.

Kalamas's motion to vacate the sale of the subject premises is denied without prejudice to

renewal in state court.  The Clerk of the Court is directed to close this case and, pursuant to 28

U.S.C. § 1447(c), to mail a certified copy of this order to the clerk of the Sixth District Court of

the State of New York, County of Suffolk.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: November 17, 2010
       Central Islip, New York

13