UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK    X

ANTHONY KALAMAS,

                      Plaintiff,

    -against-

CONSUMER SOLUTIONS REO, LLC,

                      Defendant.
_____X

FILED
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 30 2011 ★

09-CV-5045
(SJF)

**OPINION & ORDER**

FEUERSTEIN, J.

I.    Introduction

On or about March 20, 2009, Consumer Solutions REO, LLC ("Consumer Solutions") commenced a holdover proceeding in the Sixth District Court of the State of New York, County of Suffolk, Landlord Tenant Part ("the State landlord tenant court") against Anthony Kalamas ("Kalamas"), Cathy Kalamas, Susan Joan Esandrio, "Jane Doe" and "John Doe," being fictitious names of additional occupants in possession of certain premises located at 18 John Street, Port Jefferson, New York 11776 ("the subject premises"). On November 17, 2009, Kalamas, acting *pro se*, filed a notice of removal pursuant to 28 U.S.C. § 1446(a), removing the holdover proceeding to this Court on the basis, *inter alia*, that it violated "the Uniform Commercial Code of 15 USC 1692 * * *."[1] By order entered November 19, 2010, I granted the motion by Consumer Solutions pursuant to 28 U.S.C. § 1447(c) to remand this action to the State landlord tenant court, remanded the action to the State landlord tenant court, and denied Kalamas's

---

[1] 15 U.S.C. § 1692 is actually the Fair Debt Collection Practices Act ("FDCPA"), to which Kalamas also refers in a "Letter of Complaint" annexed to the notice of removal.

1

motion, *inter alia*, to vacate the foreclosure and referee's sale of the subject premises without prejudice to renewal in the State landlord tenant court. Kalamas subsequently moved, *inter alia*, for reconsideration of the November 19, 2010 order. For the reasons set forth below, Kalamas's motion is denied.

II. Discussion

Motions for reconsideration in this district are governed by Local Civil Rule 6.3 ("Local Rule 6.3"), which provides, *inter alia*, that a "notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the court's determination of the original motion. . . . There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." The requirements of Local Rule 6.3 are "narrowly construed and strictly applied," U.S. v. Aleynikov, 785 F.Supp.2d 46, 60 (S.D.N.Y. 2011); see also Terra Securities ASA Konkursbo v. Citigroup, Inc., — F.Supp.2d —, 2011 WL 5024228, at * 1 (S.D.N.Y. Oct. 20, 2011), "so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment." Anwar v. Fairfield Greenwich Ltd., 745 F.Supp.2d 379, 382 (S.D.N.Y. 2010); Aleynikov, 785 F.Supp.2d at 60.

In determining a motion for reconsideration, the court should consider: (1) whether there has been "an intervening change of controlling law;" (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a "need to correct a clear error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. National

Mediation Board, 956 F.2d 1245, 1255 (2d Cir. 1992); see also Anwar, 745 F.Supp.2d at 383; Montblanc-Simplo GmbH v. Colibri Corp., 739 F.Supp.2d 143, 147 (E.D.N.Y. 2010). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). Generally, reconsideration should not be granted where the moving party: (1) seeks to introduce additional facts not in the record on the original motion, see Rafter v. Liddle, 288 Fed. Appx. 768, 769 (2d Cir. Aug. 13, 2008) (holding that motions for reconsideration "are not vehicles for taking a second bite at the apple * * * and [the court] [should] not consider facts not in the record to be facts that [it] 'overlooked.'" (internal quotations and citation omitted)); McBeth v. Gabrielli Truck Sales, Ltd., 768 F.Supp.2d 392, 395 (E.D.N.Y. 2011) ("A party seeking reconsideration may not advance new facts, issues or arguments not previously presented to the court."); (2) advances new arguments or issues that could have been raised on the original motion, Corines v. American Physicians Ins. Trust, 769 F.Supp.2d 584, 593-94 (S.D.N.Y. 2011) ("A motion for reconsideration is not * * * a 'second bite at the apple' for a party dissatisfied with a court's ruling * * * [and] * * * is not appropriate * * * as a vehicle to advance new theories a party failed to articulate in arguing the underlying motion."); McBeth, 768 F.Supp.2d at 395; or (3) "is solely attempting to relitigate an issue that already has been decided," New York v. Parenteau, 382 Fed. Appx. 49, 50 (2d Cir. June 24, 2010); see also Niederland v. Chase, 425 Fed. Appx. 10, 12 (2d Cir. May 25, 2011); E.E.O.C. v. Bloomberg, L.P., 751 F.Supp.2d 628, 651 (S.D.N.Y. 2010).

It is within the sound discretion of the district court whether or not to grant a motion for

reconsideration. See Mangino v. Incorporated Village of Patchogue, — F.Supp.2d —, 2011 WL 4527286, at * 2 (E.D.N.Y. Sept. 30, 2011); Corines, 769 F.Supp.2d at 594.

Although the certificate of service of Kalamas's motion is dated December 6, 2010, the postmark on the envelope in which it was served upon defense counsel is dated December 8, 2010, more than fourteen (14) days after the date of entry of the order. (Declaration of Andrew Morganstern ["Morganstern Decl."], Ex. C). Accordingly, Kalamas's motion is untimely.

In any event, there has been no intervening change of controlling law or new evidence presented on the motion for reconsideration, and Kalamas has not demonstrated any clear error in the November 19, 2010 order. Rather, Kalamas is attempting to relitigate issues that have already been decided by this Court. Accordingly, Kalamas's motion is denied in its entirety.

III. CONCLUSION

Kalamas's motion for reconsideration of the November 19, 2010 order is denied.

SO ORDERED.

/s/ Sandra J. Feuerstein
_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: November 30, 2011
Central Islip, New York